IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **MICHAEL CAGE, JR.**, | ) <br> ) Case No. 17 cv <br> ) <br> ) Judge: <br> ) |
| Plaintiff | ) Magistrate: Judge <br> ) |
| V. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |
| | ) <u>Jury Trial Demand</u> |
| **NORFOLK SOUTHERN CORPORATION** <br> ("Norfolk Southern"), | ) <br> ) |
| Defendant | |

**PLAINTIFF COMPLAINTS**

COMES NOW, the Plaintiff, MICHAEL CAGE, JR., by and through his undersigned counsel and hereby files this Complaint for damages against the above-named Defendant, NORFOLK SOUTHERN CORPORATION, and as grounds therefore allege:

**I. NATURE OF THE CLAIM**

1. Plaintiff, MICHAEL CAGE, JR., seeks punitive damages based upon Defendant's continuing deprivation of rights accorded to the Plaintiff under the laws of the United States and the State of Illinois resulting from acts and/or omissions of the named Defendant that constitute the following causes of actions: (a) racial discrimination (black); (b) hostile work environment; (c) disparate treatment, (d)

1

negligent infliction of emotional harm, (e) intentional infliction of emotional harm, (f) a pattern and practice of pervasive employment discrimination against him in violation of the Civil Rights Act of 1871, as amended by the Civil Rights Act of 1991, 42 U.S. C. § 1981 ("Section 1981"); discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq. ("Title VII"); discrimination in violation of Illinois Civil Rights Act of 2006, 740 ILCS 24 ("Illinois Civil Rights Act"), (g) discrimination based on his disabilities in violation of the Americans with Disabilities Act of 1990, as amended 42 U.S.C. § 12101 (hereinafter "ADA"); (h) retaliation; and (i) claims under Illinois common law for breach of contract. Plaintiff seek reinstatement to employment and back pay stemming from his unjustly termination, reasonable attorneys' fees, as well as compensatory and punitive damages.

2. Plaintiff filed Charge #440-2016-01553 with the Chicago office of the EEOC on January 7, 2016 (See **Exhibit A**, attached hereto). Efforts at mediation failed. Plaintiff received his Right to Sue on March 1, 2017. (See **Exhibit B**, attached hereto.) The filing deadline is May 30, 2017.

## II. JURISDICTION AND VENUE

3. Jurisdiction is specifically conferred on this Court pursuant to 28 U.S.C. §1343 and Plaintiff's Illinois state law claims pursuant to the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367.

4. Venue is proper in that the employment practices alleged to be unlawful were committed within the Northern District of Illinois.

5. This is an action for punitive damages in excess of $15,000 exclusive of interest and costs.

## III.   PARTIES

6. Plaintiff, MICHAEL CAGE, is an African-American male over the age of eighteen (18), a citizen of the State of Illinois, residing in Crete, and formerly employed full-time by Defendant Norfolk Southern as a Supervisor Special Agent, during the time the acts complained of hereunder occurred.

7. Defendant, NORFOLK SOUTHERN CORPORATION, is one of the nation's premier transportation companies headquartered in Norfolk, Virginia. Norfolk Southern Railway is it subsidiary.

## IV. FACTUAL ALLEGATIONS OF DISCRIMINATION BY PLAINTIFF MICHAEL CAGE, JR.

8. Plaintiff, an African-American male, began his employment with Defendant Norfolk Southern around July, 2004.

9. Plaintiff was since 2014 a day shift supervisor with the title Supervisor Special Agent. He began having employment difficulties in May, 2015 when his new supervisor changed his work schedule to require him to work periodically on a midnight shift.

10. As known to Plaintiff's immediate supervisor and the Norfolk Southern medical department, Plaintiff suffers from sleep apnea. (See **Exhibit C**, attached hereto.)

11. Plaintiff's medical condition, as his doctor prescribed, required that he maintain a day shift assignment (See **Exhibit D**, attached hereto**).**

12. Defendant refused to make this accommodation, requiring Plaintiff to regularly fill-in on the midnight shift when the regular supervisor on that shift was off.

13. No other supervisors were required to fill-in for the regular midnight shift supervisor. Plaintiff was told by his supervisor to "do this, accept a demotion or resign".

14. Plaintiff was the only African-American employee at that level during this period.

15. Despite Plaintiff's medical condition, he can still perform the essential functions of his position as long as there are reasonable accommodations.

16. Plaintiff has been subjected to disparate treatment on the job based on his African-American status.

17. Plaintiff's assigned 2015 Tahoe was taken away from him by his immediate supervisor, claiming that he didn't deserve it, and it was given to a white male co-worker who wanted it.

18. Another vehicle, a 2015 Durango, was damaged after his immediate supervisor cut him off while he helped the supervisor search for container seals. There was $1200 in damage to the vehicle, which was also taken away.

19. Plaintiff has knowledge of a white supervisor who sustained $20,000 in damage to a vehicle in his possession, but it was not taken away. He is certain that his race was the determining factor in these decisions.

20. Plaintiff sustained a back injury and bursitis in both hips in July, 2015 which caused a period of medical leave. Plaintiff's request for light duty was denied by Defendant, allegedly because there were no light duty assignments.

21. Plaintiff was aware, however, that during this period there were white employees who were assigned to light duty in the office when they complained of medical issues.

22. Plaintiff was stripped of his salary continuance in October, 2015 by the Defendant's medical department as they claimed not to have received the requisite medical documentation.

23. Defendant required that all of Plaintiff's treating physicians provide documentation, when Plaintiff's Primary Care Physician would have sufficed.

24. Plaintiff asserts that his physicians could not get a response to their inquiries from the Defendant medical department as to what information was missing that had not already been sent.

25. Plaintiff states that his doctors sent the records requested, but Defendant medical department continued to insist the records were not received.

26. Plaintiff believes that the sum total of Defendant's behavior towards him was to create a hostile, untenable, discriminating work environment.

27. Plaintiff's required performance of midnight shifts created a health crisis for him necessitating a medical leave in October, 2015.

28. On December 2, 2015 Plaintiff was terminated by Defendant from employment at Norfolk Southern, although Defendant described it falsely as a "resignation for failure to provide necessary medical documentation of FMLA status".

## COUNT I

## RACIAL DISCRIMINATION/ HARASSMENT IN

## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

29. Plaintiff adopts by reference and incorporates paragraphs 8 through 27 as if fully set forth herein.

30. Plaintiff was employed by Defendant Norfolk Southern during the period of this Complaint.

31. That, as an employer within the meaning of Title VII, the Defendant Norfolk Southern owed at all times a duty to Plaintiff not to harass and/or discriminate against him with respect to employment or other conditions or privileges of employment due to his race.

32. Plaintiff is an African-American man and is a member of a protected class entitled to that protection afforded by Title VII.

33. At all times pertinent hereto, Plaintiff was an excellent and dedicated employee highly proficient and in all respects acted in the best interests of his employer.

34. That the race of the Plaintiff was not a term, requirement or condition of employment with Defendant, and Plaintiff's race did not in any way affect his job performance.

35. That during Plaintiff's tenure of employment, he was victimized by the Defendant's agents and employees in the following manner:

(a) Subjected to harassment by co-employees due to race, which was condoned by the Defendant and

(b) Subjected to a racially harassing, hostile and intimidating employment environment.

36. That all of the aforesaid conduct was made known to and complained of to supervisory personnel of the Defendant herein by the Plaintiff.

37. That, despite said complaints, such conduct continued unfettered and no effort was made by management or agents of each of the Defendant, to curtail or otherwise curb and prevent such discriminatory conduct.

38. The conduct by the Defendant Norfolk Southern's employees had the purpose and/or effect of substantially interfering with the Plaintiff's employment and/or creating an intimidating, hostile and offensive employment environment.

39. Defendant had both actual and constructive notice that its employees were creating a hostile and offensive work environment for the Plaintiff.

40. Despite having notice of the conduct of its employees and supervisory personnel toward the Plaintiff and other minorities, Defendant failed to take any remedial action.

41. The conduct as set forth above by the Defendant's employees and their failure to take remedial action violates Title VII.

## COUNT II

## RACIAL DISCRIMINATION/HARASSMENT IN VIOLATION

## OF 42 U.S.C. SECTION 1981

42. Plaintiff adopts by reference and incorporates paragraphs 8 through 27 as if fully set forth herein.

43. Plaintiff was employed by Defendant Norfolk Southern during the period of this Complaint.

44. That as an employer within the meaning of 42 U.S.C. Section 1981, the Defendant Norfolk Southern owed at all times a duty to Plaintiff not to harass and/or discriminate against him with respect to employment or other conditions or privileges of employment due to his race.

45. Plaintiff is an African-American man and is a member of a protected class entitled to that protection afforded by Section 1981.

46. At all times pertinent hereto, Plaintiff was an excellent and dedicated employee highly proficient and in all respects acted in the best interests of his employer.

47. That the race of the Plaintiff was not a term, requirement or condition of employment with Defendant, and Plaintiff's race did not in any way affect his job performance.

48. That during Plaintiff's tenure of employment, he was victimized by the Defendant's agents and employees in the following manner:

    (c) Subjected to harassment by co-employees due to race, which was condoned by the Defendant and

8

> (d) Subjected to a racially harassing, hostile and intimidating employment environment.

49. That all of the aforesaid conduct was made known to and complained of to supervisory personnel of the Defendant herein by the Plaintiff.

50. That, despite said complaints, such conduct continued unfettered and no effort was made by management or agents of the Defendant, to curtail or otherwise curb and prevent such discriminatory conduct.

51. The conduct by the Defendant Norfolk Southern's employees had the purpose and/or effect of substantially interfering with the Plaintiff's employment and/or creating an intimidating, hostile and offensive employment environment.

52. Defendant had both actual and constructive notice that its employees were creating a hostile and offensive work environment for the Plaintiff.

53. Despite having notice of the conduct of its employees and supervisory personnel toward the Plaintiff and possibly other minorities, Defendant failed to take any remedial action.

54. The conduct as set forth above by the Defendants' employees and their failure to take remedial action violates Section 1981.

## COUNT III

## RACIAL DISCRIMINATION/HARASSMENT IN VIOLATION OF ILLINOIS CIVIL RIGHTS ACT OF 2006, 740 ILCS 24

55. Plaintiff adopts by reference and incorporates paragraphs 8 through 27 as if fully set forth herein.

56. Plaintiff was employed by Defendant Norfolk Southern during the period of this Complaint.

57. That as an employer within the meaning of the Illinois Civil Rights Act of 2006, the Defendant Norfolk Southern owed at all times a duty to Plaintiff not to harass and/or discriminate against him with respect to employment or other conditions or privileges of employment due to his race.

58. Plaintiff is an African-American man and is a member of a protected class entitled to that protection afforded by the Illinois Civil Rights Act of 2006.

59. At all times pertinent hereto, Plaintiff was an excellent and dedicated employee highly proficient and in all respects acted in the best interests of his employer.

60. That the race of the Plaintiff was not a term, requirement or condition of employment with Defendant, and Plaintiff's race did not in any way affect his job performance.

61. That during Plaintiff's tenure of employment, he was victimized by the Defendant's agents and employees in the following manner:

    (e) Subjected to harassment by co-employees due to race, which was condoned by the Defendant and

    (f) Subjected to a racially harassing, hostile and intimidating employment environment.

62. That all of the aforesaid conduct was made known to and complained of to supervisory personnel of the Defendant herein by the Plaintiff.

63. That, despite said complaints, such conduct continued unfettered and no effort was made by management or agents of each of the Defendant, to curtail or otherwise curb and prevent such discriminatory conduct.

64. The conduct by each of the Defendant Norfolk Southern's employees had the purpose and/or effect of substantially interfering with the Plaintiff's employment and/or creating an intimidating, hostile and offensive employment environment.

65. Defendant had both actual and constructive notice that its employees were creating a hostile and offensive work environment for the Plaintiff.

66. Despite having notice of the conduct of its employees and supervisory personnel toward the Plaintiff and other minorities, Defendant failed to take any remedial action.

67. The conduct as set forth above by each of the Defendant' employees and their failure to take remedial action violates the Illinois Civil Rights Act of 2006.

## COUNT IV

## DISCRIMINATION, HARASSMENT AND RETALIATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

68. The ADA prohibits discrimination against people with disabilities in employment, public accommodation, communications and governmental activities.

69. Plaintiff MICHAEL CAGE, JR., in addition to race discrimination, alleges disability discrimination and the failure of Defendant to make suitable accommodations for him to perform his job.

70. Plaintiff alleges that his complaints about denial of equal employment opportunity and denial of accommodations for his disability resulted in his retaliatory discharge.

## COUNT V

## DISCRIMINATION, HARASSMENT AND RETALIATION IN VIOLATION OF ILLINOIS COMMON LAW

71. Defendant owes a duty to treat all of its employees fairly and consistent with it employment policies and practices.

72. Defendant failed to treat Plaintiff equitably relative to its white employees and consistent with its express employment policies.

**PRAYER FOR RELIEF**

73. 42 U.S.C. Section 1981 provides, in relevant part, that "all persons ….. shall have the same right….. to make and enforce contracts….. as is enjoyed by white citizens…" The individual employees of Defendant here, acting within the scope of their positions, have intentionally used their managerial positions in this institution to act in an illegally discriminatory manner resulting in the violation of the federal, constitutional and statutorily protected rights of the Plaintiff. This can only happen in the presence of a culture and leadership that supports or even endorses this behavior, despite its stated policies and values to the contrary.

74. Plaintiff believes, and based thereon alleges, that the conduct of Defendant described above was done with intent; with a conscious disregard of his rights; and with the intent, design and purpose of injuring him. As such Plaintiff believes that Defendant authorized, condoned and/or ratified the conduct complained of by him. By reason thereof, the Plaintiff is entitled to punitive or exemplary damages from Defendant in a sum according to proof at trial.

75. As a direct and proximate result of Defendant's willful, knowing and intentional conduct and failure to take remedial action against the retaliatory and other conduct, the Plaintiff has suffered and will continue to suffer pain and suffering, severe mental anguish and emotional distress.

76. As further direct and proximate result of each of the Defendant violations as heretofore described, the Plaintiff has been compelled to retain the services of counsel in an effort to enforce federal and state laws prohibiting such conduct, and

hence forced to incur legal fees and costs, the full nature and extent of which are presently unknown to Plaintiff. As a result, the Plaintiff request that attorney's fees be awarded pursuant to the above stated statutes.

WHEREFOR, Plaintiff prays that this Court:

a. Declares that the treatment of Plaintiff by Defendant violated Title VII, Section 1981, the Illinois Civil Rights Act of 2006, the ADA and Illinois common law for breach of contract;

b. Award Plaintiff punitive or exemplary damages against the Defendant.

c. Award reasonable attorney's fees and costs;

d. Order any other relief that the Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff requests a jury trial on all counts and claims raised by this Complaint.

Dated: May 30, 2017

Respectfully submitted,

**/s/ Jill M. Willis**

Attorney for Plaintiff

Jill M. Willis
Law Office of Jill M. Willis
3628 South King Drive
Chicago, Illinois 60653
(847) 826-5284
jillwillis.law@gmail.com

## CERTIFICATE OF SERVICE

The undersigned, Jill M. Willis, certifies that on May 30, 2017, she caused to be served a copy of the foregoing **Plaintiff's Complaint**, in the above-captioned matter, to be filed with the Clerk of the United States District Court for the Northern District of Illinois and served on the parties of record on May 31, 2017 a copy of the **Notice of Lawsuit and Request to Waive Service of Summons,** in the above-captioned matter, addressed to:

`

        John M. Scheib, Esq.
        Vice President –Law and General Counsel
        Norfolk Southern Corporation
        Three Commercial Place
        Norfolk, Illinois 23510-9241
        (757) 629-2680

                            */s/ Jill M. Willis*

                            Jill M. Willis

                            Attorney for Plaintiff

Jill M. Willis, Esq.
ARDC #6187884
Law Office of Jill M. Willis
3628 South King Drive
Chicago, Illinois 60653
(847) 826-5284
jillwillis.law@gmail.com

# EXHIBITS